Serhant LLC v Federico (2025 NY Slip Op 06672)

Serhant LLC v Federico

2025 NY Slip Op 06672

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 652441/22|Appeal No. 5259|Case No. 2025-02002|

[*1]Serhant LLC, Plaintiff-Respondent,
v
Santa Federico, Defendant, Douglas Elliman Realty, LLC, et al., Defendants-Appellants.

Michael S. Cole, New York, for appellants.
Lester Shaw & Levy LLP, Brooklyn (Dean Boyer of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne), entered March 7, 2025, which denied the motion of defendants Douglas Elliman Realty, LLC and Josh Rubin (defendants) for summary judgment dismissing the claim for tortious interference with contractual relations as against them, and granted the cross-motion of plaintiff for summary judgment on the tortious interference claim, unanimously affirmed, with costs.
In this action arising from a dispute over a brokerage commission, the court awarded plaintiff summary judgment on its tortious interference cause of action. A claim for tortious interference with contractual relations requires, among other things, the "defendant's intentional inducement of [a] third party to breach or otherwise render performance impossible" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). It is undisputed that plaintiff showed the eventual buyer the apartment while its brokerage agreement with the seller was in effect, and, after termination of the agreement, timely placed the buyer's name on a "survival list" and relayed the buyer's offer to the seller during the 90-day survival period set forth in the agreement. Plaintiff further provided evidence of defendants' intentional conduct in subsequently taking over negotiations with the buyer and delaying the contract of sale past the 90-day survival period, even though the buyer explicitly emailed defendants telling them that plaintiff was the broker with whom he had placed his offer.
Contrary to defendants' contention, 19 NYCRR 175.15 does not render the brokerage agreement or survival list unenforceable. Although 19 NYCRR 175.15 prohibits a real estate broker from entering into an agreement that contains an automatic renewal provision, it does not provide that an agreement with an automatic renewal provision and/or a survival period is unenforceable (see Sunset 3 Realty, Inc. v Russo, 7 Misc 3d 1015[A], 2005 NY Slip Op 50600[U], *2 [Sup Ct, Suffolk County 2005]). General Obligations Law § 5-903 is inapplicable here because the automatic renewal period set forth in the brokerage agreement was for one month or less (see General Obligations Law § 5-903[3]).
To the extent defendants contend that they are entitled to the commission as the procuring cause of the sale, the contention is unavailing. Even if defendants assisted the buyer in resolving open permits and in obtaining financing to facilitate the sale, such assistance is insufficient given the terms of the brokerage agreement, the survival list, and the correspondence among the parties, buyer, and seller, which clearly demonstrate
that plaintiff was a "direct and proximate link" in consummating the sale (see SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 98 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025